THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRELL SMITH** * | |
| * | |
| **Plaintiff** * | CIVIL ACTION NO: _____ |
| **VS** * | |
| * | |
| **LOUISIANA STATE POLICE** * | |
| **DEPARTMENT, TROOPER JOHN DOE*** | |
| **TANGIPAHOA SHERIFF OFFICE,** * | |
| **JOHN DOE DEPUTY, ABC** * | |
| **INSURANCE COMPANY, XYZ** * | |
| **INSURANCE COMPANY** | |

*******************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT COMES, DARRELL SMITH, a person of full age and of majority and domicile in Livingston Parish, State of Louisiana seeking judgment in his favor against the Defendants for violations of his Fourth Amendment rights under the United States Constitution and Louisiana State Law respectfully represents to this Court the following:

1.

Made Defendants herein are as follows:

a) Louisiana State Police Department (hereinafter referred to "LSP"), the chief law enforcement agency for the State of Louisiana, whose headquarters and domicile is located in East Baton Rouge Parish;
b) Trooper John Doe (representing all LSP Officers who were present during the arrest of Darrell Smith in Hammond, LA on the date of incident), duly appointed LSP Trooper at all relevant times acting within the scope of his employment and under the color of law;
c) Tangipahoa Sheriff Office (hereinafter referred to as "TSO"), the chief law enforcement agency for the Parish of Tangipahoa, whose domicile is in Tangipahoa Parish;
d) John Doe Deputy (representing all of TSO Deputies who were present during the arrest of Darrell Smith in Hammond, LA on the date of incident), duly appointed TSO Deputy at all relevant times acting within the scope of his employment and under the color of law;

e) ABC INSURANCE COMPANY, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage for the Louisiana State Police Department and its employees;

f) XYZ INSURANCE COMPANY, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage for the Tangipahoa Parish Sheriff Office and its employees;

g) THIS PETITION PUTS ON NOTICE ANY EXCESS POLICY COVERING THE LOUISIANA STATE POLICE DEPARTMENT, ANY EMPLOYEE OF LOUISIANA STATE POLICE DEPARTMENT, THE TANGIPAHOA SHERIFF OFFICE, ANY EMPLOYEE OF THE TANGIPAHOA SHERIFF OFFICES AND ANY POTENTIAL UNION POLICY COVERING THE INDIVIDUAL TROOPER OR SHERIFF DUPUTY NAMED INDIVIDUALLY IN THIS SUIT.

## JURISDICTION AND VENUE

2.

The United States District Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. 1983 and 28 U.S.C. 1331, 1343(a)(3), and 1367(a).

3.

The Middle District of Louisiana is the appropriate venue to bring this complaint, because the facts that give rise to Plaintiff's claims all took place within the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS SURROUNDING AUGUST 15, 2019

4.

LSP troopers initiated a traffic stop on Mr. Smith shortly before 3:00am in Port Allen Louisiana.

5.

During the course of the traffic stop, Troopers became suspicious of criminal activity and asked to search his vehicle.

6.

Troopers allegedly found contraband inside the vehicle driven by Mr. Smith and attempted to arrest him.

7.

Mr. Smith fled the scene and went to his residence in Livingston Parish.

8.

After leaving his residence, he traveled to Hammond, LA to visit a friend.

9.

LSP Troopers with assistance with TSO Deputies finally made contact with Mr. Smith in Hammond, LA at approximately 1:00pm on August 15, 2020.

10.

Mr. Smith was unarmed and attempted to comply with the demands of the law enforcement officials from LSP and TSO.

11.

Instead of immediately apprehending Mr. Smith, law enforcement agents from LSP and TSO beat and brutalized him to the point that his was physically unrecognizable.

12.

To add insult to injury, law enforcement agents took pictures of Mr. Smith and shared them with their other law enforcement buddies with the caption "this is what happens when you run from the police."

13.

Mr. Smith was beaten so badly that he had to be hospitalized for not only his visible physical injuries, but also internal injuries as he endured temporary kidney failure.

14.

There was no legal cause to justify the use of force against Mr. Smith, and the force used against Mr. Smith was unreasonable and excessive.

15.

At all times relevant to this Complaint, the conduct of Defendants Trooper John Doe and John Doe Deputy were in willful, reckless, and callous disregard of Mr. Smith's life and rights under federal and state law.

16.

All Defendants acted jointly and in concert and conspiracy which lead to the injuries of Mr. Smith.

17.

As a direct result and proximate result of the conduct of all Defendants, the Plaintiff suffered and continues to suffer extraordinary damages, including the wrongful death of their father, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent.

18.

Defendants Trooper John Doe extreme misconduct was a product of this environment and undertaken pursuant to de facto policies, practices, and/or customs—both written and unwritten—of the LSP.  Defendant LSP is guilty of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train LSP Troopers;
2. Failing to reprimand and discipline LSP Troopers who engage in misconduct;
3. Failing to retrain and/or otherwise control LSP Troopers who engage in excessive force and/or unjustified shooting against civilians;
4. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;
5. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by LSP Troopers;
6. Failing to retrain and otherwise control LSP Troopers who engage in excessive force and unjustified use of force;
7. Tacitly approving of LSP Troopers using their power and position to interfere with other citizens' rights;
8. As a matter of both policy and practice the LSP facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's agents, servants, and employees in its LSP; and
9. Allowing the practice and custom of a "police code of silence," resulting in LSP Trooper refusing to report instances of police misconduct of which they are aware.

19.

Defendants John Doe Deputy extreme misconduct was a product of this environment and undertaken pursuant to de facto policies, practices, and/or customs—both written and unwritten—of the TSO.  Defendant TSO is guilty of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train TSO Officers;

2. Failing to reprimand and discipline TSO Officers who engage in misconduct;

3. Failing to retrain and/or otherwise control TSO Officers who engage in excessive force and/or unjustified shooting against civilians;

4. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;

5. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by TSO Officers;

6. Failing to retrain and otherwise control TSO Officers who engage in excessive force and unjustified use of deadly force;

7. Tacitly approving of TSO Officers using their power and position to interfere with other citizens' rights;

8. As a matter of both policy and practice of TSO facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's Parish agents, servants, and employees in its Sheriff Department; and

9. Allowing the practice and custom of a "police code of silence," resulting in TSO Officers refusing to report instances of police misconduct of which they are aware.

20.

As a direct result and proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

## CAUSES OF ACTION

### Count I

**Plaintiff v. Defendants Federal Constitutional Claims**

21.

The actions of the Defendants violated Mr. Smith's rights under the Fourth and Fourteenth Amendments to be free from the unlawful use of force.

22.

The actions or inactions of the Defendants LSP and TSO violated Mr. Smith's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, directly or proximately causing his injuries suffered due to Defendants failure to train, supervise, and discipline their agents.

23.

The actions or inactions of Defendant LSP and TSO violated Mr. Smith's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing Mr. Smith's injuries by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

### Count IV

**Plaintiff v. Defendants**
**State Law Claims**

24.

The Plaintiffs allege that the Defendants are responsible and liable under Louisiana Code of Civil Procedure Articles 2315 and 2317, which requires that every act whatever man that causes damage obligates him by whose fault it is to repair it; and individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

25.

**The actions and/or inactions of Defendants under the law of the State of Louisiana, constitute the torts of:**

a. Aggravated Assault;

b. Negligent Infliction of Emotional Distress;

c. Intentional Infliction of Emotional Distress

d. Aggravated Battery

e. Aggravated 2nd Degree Battery

f. Abuse of Process.

26.

**The actions and/or inactions of specifically LSP and TSO, under the law of the State of Louisiana, constitute the torts of:**

a. Aggravated Assault;

b. Negligent Infliction of Emotional Distress;

c. Negligent Hiring;

d. Negligent Retention;

e. Negligent Supervision;

f. Abuse of Process.

**JURY TRIAL DEMAND**

27.

The Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

28.

The Plaintiffs respectfully request:

a. Compensatory damages as to all Defendants;

b. Special Damages as to all Defendants;

c. Punitive damages as to all Defendants;

d. Reasonable attorneys' fees and costs as to all Defendants;

e. Such other and further relief as may appear just and appropriate

WHEREFORE, Darrell Smith, pray that a copy of the above petition is served upon all of the Defendants named herein, and that after all proceedings a judgment is rendered in favor of Plaintiffs and against Defendants for all relief deemed equitable under the law including attorney's fees and costs.

/s/ Ronald S. Haley, Jr.

Ronald S. Haley, Jr. (#30900)
HALEY & ASSOCIATES
ATTORNEYS AT LAW, LLC
8211 Goodwood Blvd Suite E
Baton Rouge, LA 70806
Office: 225-663-8869
Facsimile: 888-900-9771
rhaley@ronaldhaleylawfirm.com

Dedrick A. Moore (#30329)
DEDRICK A. MOORE
ATTORNEYS AT LAW, LLC
4962 Florida Blvd
Baton Rouge LA, 70806
Phone: (225) 412-0412
Fax: (225) 412-0414

Christopher J. Murell (#32075)
Lance C. Unglesby (#29690)
Adrian M. Simm Jr. (#36673)

Jordan L. Bollinger (#35663)
UNGLESBY LAW FIRM
246 Napoleon Street
Baton Rouge, LA 70802
(225) 387-0120
chris@unglesbylaw.com